20803

The INSURANCE COMMISSION OF SOUTH CAROLINA Through John W. Lindsay, Chief Insurance Commissioner and John W. Lindsay as Rehabilitator of New South Life Insurance Company, Appellants, v. NEW SOUTH LIFE INSURANCE COMPANY, the South Carolina Life & Health Insurance Guaranty Association, Lester Bates, Sr., Shareholder and Chairman of the Board of New South Life Insurance Company, Lester Bates, Jr., President and Shareholder of New South Life Insurance Company, Edward K. Pritchard, Jr., Executor and Trustee of the Estate of Edward K. Pritchard, Shareholder of New South Life Insurance Company, and Certain Public Shareholders Represented by Andrew Berry, Esquire, Respondents, and New South Life Insurance Company, Through John W. Lindsay, Chief Insurance Commissioner of South Carolina and Rehabilitator for New South Life Insurance Company, Appellant.

(248 S. E. (2d) 591)

November 1, 1978.

*Per Curiam:*

On April 18, 1978, this court filed its opinion, found in S. C., 244 S. E. (2d) 289, disposing of the issues which were submitted to the court by way of appeal. In that opinion we directed that the rehabilitator advertise for proposals and submit them to this court, together with his recommendation as to what disposition should be made of the assets of New South Life Insurance Company.

The rehabilitator complied with our directive and procured a total of seven offers to purchase and made his recommendation. Thereafter, by our order dated the 27th day of July, 1978, we invited all interested parties desiring to oppose the recommendation of the rehabilitator and/or advocate other action by this court, to file briefs, setting forth

a summary of their position. All interested parties came to be heard before this court by way of oral argument and/or written brief. It now becomes the duty of this court to take appropriate action upon the recommendation of the Insurance Commissioner.

In our opinion of April 18, 1978,' we found that the interests of the approximately 135,000 policyholders was paramount. This did not exclude the possibility and hope that some purchaser might be found which would, in addition to restoring the rights of the policyholders, provide some benefit to the stockholders. Policyholders are the equivalent of creditors in an ordinary bankruptcy proceeding and, obviously, all creditors must be paid before stockholders may receive any benefits in any insolvency proceeding.

From the presentation made to this court, it would appear that the rehabilitator has complied with our directive and has diligently pursued bidders to assure the assets and liabilities of New South and honor its policies. He has discussed all of the proposals and has set forth cogent reasons for his recommendation that the court approve the offer of East Coast Life Ins. Co. and Citadel Life Ins. Co. (East/Citadel).

In addition, the Attorney General, representing the South Carolina Insurance Commission, has appeared and joined in the rehabilitator's recommendation. The Commission's recommendation was made after it sought the advices of Milliman and Robertson, Inc., consulting actuaries, of Brookfield, Wis. Milliman, too, is of the opinion that the bid of East/Citadel is the best offer from the standpoint of the policyholders.

The Commission unanimously adopted the following recommendation:

Pursuant to the findings of the Supreme Court, in Opinion No. 20666, filed on April 18, 1978, on page 14, that '. . . the rights of policyholders are paramount,' the South Caro-

lina Insurance Commission, as an interested party, does hereby recommend that the Citadel/East Coast Life proposal be accepted by the Supreme Court as being in the best interest of the policyholders of the New South Life Insurance Company.

It is the opinion of the rehabilitator that five of the proposals might succeed under ideal conditions. While some of the proposals would hold out some hope to the stockholders that some benefits might eventually be received, those bids could be approved only at the expense of weakening policyholders' rights. Each of the five proposals has desirable provisions, but viewed as a whole we agree that East/Citadel is the best from the standpoint of the policyholders. It should be approved because:

(1) It binds East/Citadel, already licensed to do business in this state, to honor all policy contracts, subject to the moratorium on cash and loan values of certain policies.

(2) It presents the strongest probability that all policies, issued heretofore and hereafter, will come under the protection of the South Carolina Life and Health Insurance Guaranty Association.

(3) It has the approval and recommendation of the rehabilitator and of the South Carolina Insurance Commission.

(4) It has the endorsement and recommendation of The South Carolina Life and Health Insurance Guaranty Association.

(5) It will result in the divorcing of the contracts of insurance from the rehabilitation and enable the rehabilitator to proceed to liquidate New South.

(6) It immediately puts an end to the sale of insurance policies by a statutorily insolvent company.

The result which will be brought about by accepting East/Citadel's offer is as follows:

East/Citadel will assume all assets of New South and all policyholders may look to East/Citadel to fulfill the policy

contract obligations with the execption that the cash and loan value may not be claimed by certain policyholders before December 31, 1982. New South will remain in rehabilitation, accumulating such assets as it can from actions against officers, directors and others, or from other sources. Such recovery, if any, shall be held as an asset of the rehabilitator, subject to the direction of the court.

Section 38-5-1630 of the Code of Laws of South ■ Carolina (1976) gives to the Chief Insurance Commissioner, as rehabilitator, broad authority in dealing with insurance policies of insurance companies in rehabilitation. A rehabilitation plan may include a provision imposing a moratorium upon the loan and cash surrender values of policies for such period and to such extent as may be necessary. We find no reason why the rehabilitator should not, as a part of the sale of assets, impose a moratorium upon certain policies which have been sold. The effect of this will be to continue the imposition of a loan and cash value limitation upon the rights of certain policyholders, as heretofore designated by the court, until not later than December 31, 1982. In all other regards policyholders will be entitled to full policy benefits.